Wilmer J. Patlow, J.
The facts in this case are undisputed. On August 6, 1970, defendants were arrested for selling newspapers without a license. The newspaper involved is entitled “ The Challenge ” and is published by the Progressive Labor Party. The price of the paper was 10 cents, and 34 copies were found in defendants’ possession. All of the defendants are adults over the age of 21.
The information before this court charges the defendants with violation of section 81-1 of the Municipal Code of the City of Rochester which reads as follows: ‘ ‘ Without having procured a license from the Chief of Police, no person shall engage in peddling papers or shining shoes in any public street or place.”
Defendants argue that the Municipal Code by its own terms is not applicable to them nor the activity described in the information. Furthermore, defendants contend that the licensing ordinance must be construed as limited in application to commercial activity lest they be invalidated by section 8 of article I of the New York Constitution and Amendments One and Fourteen of the United States Constitution. And finally defendants argue that the information is defective on its face in that it does not state a violation of law, does not identify defendants properly and does not comply with the Code of Criminal Procedure. Based upon the foregoing grounds, defendants move to dismiss the information.
The motion to dismiss is the subject matter of this decision.
Chapter 81 of the Municipal Code of the City of Rochester is-entitled “ Peddling Newspapers and Shoe Shines
The subdivisions of this chapter relevant to this decision are section 81-1, subtitled “ License required ” and set forth in full above, and section 81-2 labeled “ Regulations ” which reads as follows: “ Newsboys and shoeshiners: A. May be licensed by *140 the Chief of Police to shine shoes or peddle newspapers in any public street or place upon the assurance of the parent or guardian, or some other responsible person, that the applicant is of suitable age and good character; said license may be revoked by the Chief of Police.” (Emphasis supplied.)
Clearly, by its very terms, the license requirement is aimed at and limited to minors who shine shoes or peddle newspapers in public places.
The requirement that applicant provide assurances of parent, guardian or other person that he is of suitable age and good character cannot possibly be applied to these defendants who are all over the age of 21 years.
Because the license requirement is not applicable to these defendants, the information charging them with the violation of this requirement cannot stand. Therefore, defendants’ motion to dismiss must be granted.